IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA M. BLUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-04-3375 |
| | § | |
| JOANNE B. BARNHART | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Magistrate Judge[1] in this social security appeal is Plaintiff's Motion for Summary Judgment (Document No. 7), and Memorandum in Support (Document No. 8), and Defendant's Motion for Summary Judgment (Document No. 6). After considering the cross motions for summary judgment, the administrative record, and the applicable law, the Magistrate Judge ORDERS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the decision of the Commissioner of the Social Security Administration is AFFIRMED.

---

[1] The parties consented to proceed before the undersigned Magistrate Judge on January 13, 2005. (Document No. 9).

**I. Introduction**

Plaintiff Patricia M. Blue ("Blue") brings this action pursuant to Section 205(g) of the Social Security Act ("Act"), 42 U.S.C. 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB"). According to Blue, substantial evidence does not support the ALJ's decision, and the ALJ, Rafael Lugo-Vilanova, committed errors of law when he found that Blue had not met the disability insured status requirements of the Act on July 28, 2000, the amended alleged onset date of disability, and further found Blue's earnings record had not shown additional self employment income or employment income since 1991. Blue seeks an order reversing the Commissioner's decision and awarding benefits, or in the alternative, an order remanding her claim for further proceedings. The Commissioner responds that there is substantial evidence in the record to support the ALJ's decision that Blue had not earned self employment income so as to extend her insured status to qualify for DIB, that the decision comports with applicable law, and that it should therefore be affirmed.

**II. Administrative Proceedings**

On February 14, 2002, Blue applied for disability insurance benefits ("DIB") claiming that she has been unable to work since August 1, 1991, as a result of rheumatoid arthritis, connective tissue disease, lupus, depression, anxiety, and Raynaud's Syndrome. (Tr. 47-49).[2] The Social Security Administration denied her application at the initial and reconsideration stages. (Tr. 18-19). After that, Blue requested a hearing before an ALJ. (Tr.32-33). The Social Security Administration

---

[2] "Tr." refers to the transcript of the administrative record.

granted her request and the ALJ held a hearing on June 26, 2003, at which Blue amended her alleged onset date to July 28, 2000, and her claims were considered *de novo*. (Tr.191-220). Following the hearing, at which she testified, Blue submitted amended tax returns for 1991-2001. On October 8, 2003, the ALJ issued his decision finding Blue not disabled. (Tr. 10-17). The ALJ found Blue had not met the disability insured status requirements of the Act on July 28, 2000, the amended alleged onset date of disability, that Blue's earnings record had not shown additional self employment income or employment income following 1991, and that Blue was not entitled to DIB. Blue sought review by the Appeals Council of the ALJ's adverse decision on October 30, 2003. (Tr. 8-9). The Appeals Council will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ abused his discretion; (2) the ALJ made an error of law in reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings, or conclusions; or (4) a broad policy issue may affect the public interest. 20 C.F.R. § 404.970, 416.1470. After considering Blue's contentions in light of the applicable laws, regulations and rulings, the Appeals Council concluded, on August 6, 2004, that there was no basis upon which to grant Blue's request for review. (Tr. 4-5). The ALJ's findings and decision thus became final. Blue has timely filed her appeal of the ALL's decision. 42 U.S.C. § 405(g). Blue has filed a Motion for Summary Judgment (Document No. 7), and a Memorandum in Support thereof (Document No. 8), and the Commissioner has filed a Motion for Summary Judgment (Document No. 6). This appeal is now ripe for ruling.

      The evidence is set forth in the transcript, pages 1 through 220 (Document No. 3), and Supplement to Administrative Record (Document No. 11). There is no dispute as to the facts contained therein.

**III. Standard for Review of Agency Decision**

The court, in its review of a denial of disability benefits, is only: "to [determine] (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Indeed, Title 42, Section 405(g) limits judicial review of the Commissioner's decision as follows: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  The Act specifically grants the district court the power to enter judgment, upon the pleadings, and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without remanding the case for a rehearing" when not supported by substantial evidence.  42 U.S.C. § 405(g).   While it is incumbent upon the court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute its judgment" for that of the Commissioner even if the evidence preponderates against the Commissioner's decision.  *Chaparo v. Bowen*, 815 F.2d 1008, 1009 (5th Cir. 1987); *see also Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999); *Cook v. Heckler*, 750 F.2d 391 (5th Cir. 1985).  Conflicts in the evidence are for the Commissioner to resolve.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in the Act, to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229 (1938)).  Substantial evidence is "more than a scintilla and less than a preponderance."

*Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993).  The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quoting *Hemphill v. Weinberger*, 483 F.2d 1127 (5th Cir. 1973)).

**IV. Discussion**

To qualify for DIB, a claimant such as Blue must be "insured."  42 U.S.C. § 423(a)(1); 20 C.F.R. § 404.101(a).  The Commissioner determines whether a claimant is covered based on the number of quarters of coverage the claimant has been credited based on Social Security wages that have been paid in by the claimant.  42 U.S.C. § 423(a)(1); 20 C.F.R. § 404.101(b).  To be eligible for DIB, a claimant must meet the requisite number of quarters of coverage, at least twenty quarters of coverage in the forty quarter period, which includes the alleged onset date of disability.  *See* 42 U.S.C. § 423(c)(1)(B)(i).  The burden of establishing eligibility for benefits rests on the claimant.  20 C.F.R. § 404.704.  As such, in the instant action, Blue must show that she had at least 20 quarters of coverage in the 40 quarter period (10 years) ending July 2000, the month in which Blue alleges that her disability began.  42 U.S.C. § 423(c)(1)(B)(i); 20 C.F.R. § 404.130(b)(2).  Here, the ALJ found that Blue was not insured for purposes of eligibility for DIB on July 28, 2000 and further found that Blue's attempts to acquire quarters of coverage for self employment income for 1991 to 1998 were insufficient because she filed tax returns for those years outside the time limits permitted for inclusion of self-employment income in the calculation of quarters of coverage and no exceptions applied.

The law is clear that unless challenged within three years, three months, and fifteen days after

the year earned, the Social Security Administration's records regarding earnings are conclusive. 42 U.S.C. § 405(c)(4)(A); 20 C.F.R. § 404.803(c). Once this time limit has ended,

> [i]f SSA records show no entry of self-employment income for that year, [its] records are conclusive evidence that you did not receive self-employment income in that year unless the exception in Section 404.822(b)(2)(i) or (iii) applies.

20 C.F.R. § 404.803(c)(3). Amended tax returns can only be used to document self employment income if filed prior to the expiration of the time limitation period set forth above. Otherwise, following this time limitation period, the Commissioner's records are entitled to a statutory presumption of correctness. *See* 42 U.S.C. § 405(c)(4); 20 C.F.R. § 404.803. There are ten exceptions to these limitations, *see* 42 U.S.C. § 405(c)(5)(A)-(J), and none of the exceptions apply in Blue's case. For instance, after expiration of the time limitation period, a claimant such as Blue, can document self-employment income by submitting a timely filed income tax return and that return must be filed prior to the expiration of the time limitation period. According to Blue, the income from her timely filed tax returns was incorrectly attributed to her husband, and that she worked for her husband at his remodeling business and she should have been credited for self employment income.

In connection with her application for DIB, Blue submitted amended tax returns, and testified at the hearing about the work performed. According to Blue, she performed receptionist duties at home for the remodeling business. Her job duties included answering phones and filing. Blue testified that following her diagnosis of connective tissue disorder, she stopped working on July 28, 2000. (Tr. 194-195, 198). In particular, Blue testified that she worked between eight/nine hours a week. Blue stated: "it wasn't much. Just when I could I'd go do, you know, the papers or -- I answered the phone." (Tr. 205). In addition, Blue testified that she had not sat "there and do it all

6

the time" or on a regular basis. (Tr. 206-207). Overall, Blue estimated that she had worked for her husband a few years but added "I have trouble remembering things." (Tr. 207). With respect to her wages, Blue testified that her wages varied in amount, no taxes were taken out and she could not remember how much she had been paid. (Tr. 207-208). The ALJ wrote:

> The claimant testified that she worked as a waitress until 1991. Following 1991, the claimant testified that she worked as a receptionist for her husband. The claimant further testified that she worked "about maybe 8 or 9 hours a week." She further stated that "it was not much" and that she would just "do what I could." She stated that she worked for only "a couple of years." She later stated that it was "probably a few years." Because her husband was self-employed, he "gave me what he could." Her husband gave her checks that varied. She did not remember how much her husband paid her an hour. Her husband did remodeling work while she worked at home.
>
> The claimant submitted amended tax returns for the years 1991 to 2001. The amended tax returns provide an explanation as to the changes to the claimant's income. They state that when the original return was filed, the income from self employment was reported under the claimant's husband's Social Security number only. The returns state that the claimant's husband paid her for her services in the years 2001, 2000, 1999, 1998, 1997, 1996, 1995, 1994, 1993, and 1991. The returns state that the claimant and her husband were "equal owner/operators in the business."
>
> Having carefully reviewed the evidence, The Administrative Law Judge finds that the claimant's testimony and amended returns are insufficient to show that she had additional earnings following 1990.
>
> Under the Social Security Administration regulations, the claimant's earnings record is evidence of the amounts of her earnings and the period during which they were earned. 20 CFR 404.801 provides as follows:
>> The Social Security administration (SSA) keeps a record of earnings of all persons who work in employment or self employment covered under Social [S]ecurity. We use these earnings records to determine entitlement to and the amount of benefits that may be payable based on a person's earnings under the retirement, survivors, disability and health insurance program.
>
> 20 CFR 404.803 (emphasis added) provides as follows:
>> (a) *Generally*. For Social Security purposes, Social Security Administration records are evidence of the amounts of your earnings

>and the periods in which they were received.
>(b) *Before time limit ends*. <u>Before that time limit ends for a year, SSA records are evidence, but not conclusive evidence, of the amounts and periods of your earnings in that year.</u>
>(c) *After time limit ends.* After the time limit ends for a year-
>   (1) if SSA records show an entry of self employment income or wages for an employer for a period in that the year, our records are conclusive evidence of you[r] self-employment income in that year or the wages paid to you by that employer and the periods in which they were received unless one of the exceptions in Section 404.822 apply;
>   (2) if SSA records that show no entry of wages for an employer for a period in that year, our records are conclusive evidence that no wages were paid you by that employer in that period unless one of the exceptions in Section 404.822 applies; and
>   (3) <u>If SSA records show no entry of self employment for that year, our records are conclusive evidence that you did not receive self employment income in that year unless the exception in Section 404.822(b)(2)(i) or (iii) applies.</u>

A (sic) 20 C.F.R. 404.802 defines "time limit" as "a period of time 3 years, 3 months, and 15 days after any year in which you received earnings."

The Administrative Law Judge finds that the claimant's testimony is not wholly credible or supported by the evidence as a whole insofar as she alleges that she engaged in self employment or employment for the years 1991 through 2001.

In support of this conclusion, the Administrative Law Judge notes that the claimant's own testimony shows that she was not engaged in self-employment or an employer-employee relationship during the period at issue. Likewise, she was not involved in a business partnership. She stated that "if I felt like it, I would to it, and if I didn't then I didn't do it." This type of work activity does not characterize a full time job as ordinarily performed in the national economy. It similarly does not suggest the type of demands that an owner of a business must satisfy. Moreover, the claimant reported that she worked for only "a couple of years." She later stated that it was "probably a few years." Because her husband was self-employed, he "gave me what he could." She stated that her husband gave her checks that varied.

Rather than being employed or operating a business, the claimant's testimony strongly implies that she was helping her husband in his business as part of a marital relationship rather than employment services. The claimant did not submit any payroll checks into evidence to show that she was receiving paychecks or payment as a self employed person. Moreover, the amended tax returns are dated in February and March 2003. Thus, the tax returns were untimely insofar as the period of time from

8

1991 and 1998 is concerned. They were filed in excess of 3 years, 3 months, and 15 days following these years.

Because Social Security Administration records show no entry of self employment for those years, the records are conclusive evidence that the claimant did not receive self employment income in those years. Moreover, none of the exceptions in Section 404.822(b)(2)(i) or (iii) applies.

Specifically, sections 404.822(b)(2)(i) and (iii) provide:
    (2) Tax returns of self-employment income
        (i) *Return filed before the time limit ended.* We may correct the earnings record to agree with a tax return of self employment income filed before the end of the time limit.
        (ii) *Return filed after time limit ended.* We may remove or reduce, but not increase, the amount of self-employment income entered on the earnings record to agree with a tax return of self employment income filed after the time limit ends.
        (iii) *Self employment income entered in place of erroneously entered wages.* We may enter self-employment income for any year up to an amount erroneously entered in Social Security Administration records as wages but which was later removed from the records. However, we may enter self employment income under this paragraph only if
(A) An amended tax return is filed before the time limit ends for the year in which the erroneously entered wages were removed; or
(b) Net earnings from self-employment, which are not already entered in the record of your earnings, were included in a tax return filed before the end of the time limit for the year in which the erroneously entered wages were removed.

In this case, the evidence does not show that the claimant was engaged in self employment or employment following 1991. The Social Security Administration therefore need not correct the earnings record to agree with a tax return of self employment income filed before the end of the time limit. In any event, the claimant's tax returns for 1991 to 1998 are filed in excess of the time limitation, and none of the exceptions to the time limitation applies. The claimant did not have erroneously entered wages that were later removed. As noted, the claimant amended her alleged onset date to July 28, 2000. Because the claimant (sic) insured status as of that date, she is not entitled to Title II benefits. *Ivy v. Sullivan*, 898 F.2d 1045 (5th Cir. 1990). (Tr. 14-17) (emphasis in original).

Here, because Blue filed her amended tax returns after the expiration of the time limitation period, and because there is a conclusive presumption that the Commissioner's records accurately

9

reflect Blue's income, the ALJ did not err in rejecting Blue's attempts to secure additional quarters of DIB coverage with the amended tax returns. Moreover, the ALJ did not err in his credibility determination. Therefore, upon this record, the ALJ's decision is supported by substantial evidence and the correct legal standards were applied.

### V. Conclusion

Considering the record as a whole, the undersigned is of the opinion that the ALJ and the Commissioner properly applied the rule and regulations propounded by the Social Security Administration, and as a result, substantial evidence supports the ALJ's decision. As such, it is

ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 7) is DENIED, Defendant's Motion for Summary Judgment (No. 6), is GRANTED and the decision of the Commissioner of the Social Security Administration is AFFIRMED.

Signed at Houston, Texas, this 24th day of August, 2005.

_____
Frances H. Stacy
United States Magistrate Judge